Date signed April 24, 2006



PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| GARY O. NACKE | : | Case No. 05-42035PM |
| | : | Chapter 7 |
| Debtor | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |
| G&S INVESTMENT | : | |
|     MANAGEMENT, LLC | : | |
| Plaintiff | : | |
| vs. | : | Adversary No. 06-1112PM |
| GARY O. NACKE | : | |
| Defendant | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

### MEMORANDUM OF DECISION

This case came before the court for hearing on the Plaintiff's Motion for Summary Judgment and the opposition thereto. For the reasons stated, the court will deny the Plaintiff's motion.

The Complaint is founded upon §§ 523(a)(2)(A) and 523(a)(6) of the Bankruptcy Code. These sections provide as follows:

**§ 523. Exceptions to discharge**

    (a) A discharge under section 727 ... does not discharge an individual from any debt –

        . . .

    (2) for money, property, services or an extension, renewal, or refinancing of credit, to the extent obtained by –

        (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition[.]

        . . .

>      (6) for willful and malicious injury by the debtor to another entity or to the property of another entity[.]

The court finds it unlikely that the Plaintiff can recover under 523(a)(6). *In Kawaauhau v. Geiger*, 523 U.S. 57, 59 (1998), the Court held that § 523(a)(6) does not except from discharge a debt that is negligently or recklessly inflicted. The Court found that willful means action that is deliberate or intentional and that the debtor must have actually intended to cause injury, not merely that an act of the debtor resulted in injury. It has been said that the test is whether the debtor acted with "objective substantial certainty [that] harm [would result] or a subjective motive to cause harm." *In re Miller*, 156 F.3d 598, 606 (CA5 1998).

Here, the undisputed facts are that the Debtor entered into a contract to purchase a parcel of properties in Baltimore, Maryland, with a cash down-payment of $100,000.00 that was to be held in escrow. While there was a check given for the $100,000.00 down-payment, the funds supporting the check were imaginary at best. The Debtor points to the real estate agent involved as the source of all mischief in the case. That individual also signed the contract acknowledging the receipt of $100,000.00. It is obvious to the court that the Debtor's intention was to enter into a contract that would give him a period of time to "flip" the contract to other purchasers. In other words, this was a free option. To that end, the parties entered into an addendum that gave the Debtor a study period during which time Debtor had the right to back out the contract for any reason. The Debtor apparently was unable to do anything with the property and obtained an extension until September 20, 2004, to settle under the contract.

That date came and went, and, on November 1, 2004, G&S Investment Management, LLC ("G&S"), sued the Debtor in the Circuit Court for Montgomery County, Maryland. G&S's complaint was a one count pleading alleging breach of contract and demanding that Nacke release or cause the escrow agent to release the deposit. A motion for summary judgment was filed with the Complaint. No appearance was entered on behalf of the Defendant and, in due course on January 21, 2006, at the recommendation of Master Susan Kalil, the Circuit Court granted the motion for summary judgment. On the Plaintiff's motion, that Order was modified, and another judgment was entered on March 8, 2005.

Plaintiff relies in part on the Circuit Court judgment to establish that there was a contract. This court finds that the doctrine of *collateral estoppel* is not applicable to this case. Generally, under that doctrine, the proponent must establish the five elements that are set out in *Sedlack v.*

*Braswell Services Group*, *Inc*., 134 F.3d 219 (CA4 1998):

> (1) the issue sought to be precluded is identical to one previously litigated; (2) the issue must have been actually determined in the prior proceeding; (3) determination of the issue must have been a critical and necessary part of the decision in the prior proceeding; (4) the prior judgment must be final and valid; and (5) the party against whom estoppel is asserted must have had a full and fair opportunity to litigate the issue in the previous forum."

*Id*. at 224 (citing *Ramsay v. INS*, 14 F.3d 206, 210 (CA4 1994)).  In looking at Maryland law made applicable to this situation by the case of *In re Ansari*, 113 F.3d 17 (CA4 1997), namely *Berrett v. Standard Fire Ins. Co.*, 888 A.2d 1189, 1200 (Md. App. 2005); *Brown & Sturm v. Frederick Road Ltd. Partnership*, 768 A.2d 62, 65 (Md. App. 2001); *Richmond v. FWB*, 712 A.2d 41, 59-60 (Md. App. 1998), it is clear that actual litigation with a final judgment on the merits is required.  The Circuit Court case was never litigated.  *Compare Combs v. Richardson*, 838 F.2d 112, 115 (CA4 1998) (the issue sought to be precluded was actually litigated).  The court sees no difference between a judgment by default and what happened in this circumstance.

Many issues are left for trial.  One is the Debtor's recent contention that he did not sign, nor did he authorize, the contract, although one may then ask why he issued a $100,000.00 check.  Perhaps his defense is that he was merely an innocent party subject to the deceit of the real estate agent, a Mr. Borlo.  Debtor further contends that the Plaintiff cannot establish any loss and damage as a result of the representations.  And further, the Debtor contends that he made no representations, inasmuch as all of his contact with G&S was made through Mr. Borlo.

In conclusion, the court must decide, after hearing the testimony and observing the witnesses, whether the judgment entered in the Circuit Court for Montgomery County, Maryland, will survive the Debtor's discharge under the grounds pleaded in the Complaint.  An appropriate order will be entered.

**End of Memorandum of Decision**